IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CT-3060-D

| | |
|---|---|
| CHRISTOPHER ANTHONY CLEGG-ARRS, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | **ORDER** |
| TRAVIS WIGGINS, et al., ) ) | |
| Defendants. ) | |

On March 9, 2015, Christopher Anthony Clegg-Arrs ("plaintiff" or "Clegg-Arrs"), a pretrial detainee proceeding pro se, filed a complaint under 42 U.S.C. § 1983 [D.E. 1].[1] Clegg-Arrs proceeds in forma pauperis [D.E. 2, 10]. Clegg-Arrs requests six copies of all of his filings in order to "notify all braking [sic] news reporters of the case civil complaint" and "get my story air time on how an[d] why my life is in danger because of perjury from the sworn state," as well as to make filings with the North Carolina Industrial Commission and notify North Carolina Prisoner Legal Services of his plight [D.E. 1-2]. On March 9, 2015, Clegg-Arrs filed a motion for a writ of habeas corpus [D.E. 4]. On April 9, 2015, Clegg-Arrs filed a motion for a court-appointed investigator [D.E. 11].

When a prisoner seeks relief in a civil action from a governmental entity or officer, a court must review and dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are "based on an indisputably meritless legal theory and include claims of infringement of a

---

[1] Jail records spell plaintiff's last name as Clegg. See [D.E. 1-1]. Clegg-Arrs explains that Arrs means "(A)ll (R)eserved (R)ights (S)ecured." [D.E. 11] 1.

legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

"To state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Additionally, a section 1983 plaintiff must allege the personal involvement of a defendant. See, e.g., Iqbal, 556 U.S. at 677; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–94 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

Clegg-Arrs's filings are not a model of clarity. On January 31, 2014, in what he describes as "a pirate invasion charged [upon] infring[e]ment, on the citizenship secured rights," Clegg-Arrs was arrested on criminal charges. See [D.E. 1] 3; [D.E. 1-1]; [D.E. 4] 1. Clegg-Arrs apparently

2

believes he has or is his own personal government. See [D.E. 1] 3–5; [D.E. 1-1]; [D.E. 4] 1. Clegg-Arrs alleges that the evidence supporting the charges is fraudulent, and that defendants—several police officers, an assistant district attorney, and a public defender—are "dwelling in federal racketeering" by "p[u]rsuing convictions of f[rau]dulent cases." [D.E. 1] 3–4; see [D.E. 4] 1. Clegg-Arrs further alleges that his defense attorneys are attempting to force him "be a witness in other cases" in order to avoid a lengthy prison sentence. [D.E. 1] 4; see [D.E. 4] 1. Clegg-Arrs describes his detention as "inslavment [sic] beyond cruel suffrage.... [t]o a point of menally [sic] emotionally p[]aranoid-stress disorder" or alternatively as "being held CAPTIVE/HOSTAGE under Military rule[] as a terriost [sic] slave." [D.E. 1] 3; [D.E. 11] 1. Clegg-Arrs seeks dismissal of the criminal charges, "a new ID for the equal protection laws not to be abridged, and last 1 million doll[a]rs from each defendant." [D.E. 1] 4–5.

To the extent Clegg-Arrs challenges any aspect of the pending criminal proceedings against him, he must plausibly allege that the underlying "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal..., or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 487 (1994). "A district court must undertake a case specific analysis to determine whether success on the claims would necessarily imply the invalidity of a conviction or sentence." Thigpen v. McDonnell, 273 F. App'x 271, 272 (4th Cir. 2008) (per curiam) (unpublished).

Clegg-Arrs repeatedly describes the criminal charges against him as "fraudulent," [D.E. 1] 3–4; [D.E. 4] 1, but has failed to make the allegations that Heck requires. Clegg-Arrs must challenge the legitimacy of the charges against him as part of his state criminal action. See, e.g., Ballenger v. Owens, 352 F.3d 842, 845–47 (4th Cir. 2003); Antonelli v. Foster, 104 F.3d 899, 900–01 (7th Cir.

3

1997); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996) (per curiam). Thus, the claim is dismissed as frivolous.

Clegg-Arrs has also named defendants who are immune from or otherwise not amenable to suit. As for defendant Caldwell, defense attorneys do not act under color of state law when performing traditional functions as counsel and, therefore, are not amenable to suit under section 1983 for such actions, whether privately retained, appointed by the state, or employed as public defenders. See, e.g., Polk Cty. v. Dodson, 454 U.S. 312, 325 (1981); Hall v. Quillen, 631 F.2d 1154, 1155–56 (4th Cir. 1980) (collecting cases); Deas v. Potts, 547 F.2d 800, 800 (4th Cir. 1976) (per curiam). Prosecutors such as defendant Wiggins are absolutely immune from suit for acts carried out in the judicial phase of their prosecutorial functions, including initiating a judicial proceeding or appearing in court. See, e.g., Van de Kamp v. Goldstein, 555 U.S. 335, 342–43 (2009); Buckley v. Fitzsimmons, 509 U.S. 259, 269–70 (1993); Imbler v. Pachtman, 424 U.S. 409, 430 (1976). Thus, the court dismisses as frivolous plaintiff's claims against these defendants.

As for Clegg-Arrs's request for photocopies of his filings, [D.E. 1-2]; [D.E. 8], a pro se litigant is responsible for properly maintaining legal records. The court directs the clerk to return Clegg-Arrs's original filings to him together with a copy of this order. See EDNC CM/ECF Policy Manual, Section A. If Clegg-Arrs needs additional copies of court filings, the clerk of court will provide such copies for a fee of fifty cents per page. See 28 U.S.C. § 1914 n.4 (District Court Miscellaneous Fee Schedule). Thus, Clegg-Arrs may submit his request directly to the clerk of court and pay the required fee.

As for Clegg-Arrs's motion for a writ of habeas corpus [D.E. 4], the court denies the motion without prejudice, but directs the clerk to mail Clegg-Arrs a form for filing a habeas petition

4

pursuant to 28 U.S.C. § 2241, which he may file as a new action. See, e.g., Martinez v. Caldwell, 644 F.3d 238, 242 (5th Cir. 2011); Yellowbear v. Wyo. Att'y Gen., 525 F.3d 921, 924 (10th Cir. 2008). The court cautions Clegg-Arrs that his grounds for seeking habeas relief are limited. "[H]abeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 489 (1973); see Younger v. Harris, 401 U.S. 37, 43–44 (1971). Additionally, the Constitution does not provide an absolute right to be released on bond. See, e.g., United States v. Salerno, 481 U.S. 739, 746–55 (1987). Moreover, Clegg-Arrs may not obtain habeas relief by asserting that he is exempt from the laws of this state or country because of his sovereignty. See, e.g., Cunningham-El v. Whitener, No. 5:10-cv-194-RJC, 2012 WL 137876, at *1 (W.D.N.C. Jan. 18, 2012) (unpublished); Headen-El v. Keller, No. 1:11CV590, 2011 WL 3568282, at *2 (M.D.N.C. Aug. 15, 2011) (unpublished); Caldwell v. Wood, No. 3:07CV41, 2010 WL 5441670, at *17 (W.D.N.C. Dec. 28, 2010) (unpublished) (collecting cases).

In sum, the court DISMISSES this action AS FRIVOLOUS, and DENIES the pending motions [D.E. 1-2, 4, 8, 11]. The clerk shall close the case and return Clegg-Arrs's original filings to him together with a copy of this order and a form for filing a habeas petition pursuant to 28 U.S.C. § 2241.

SO ORDERED. This _12_ day of August 2015.

JAMES C. DEVER III
Chief United States District Judge